## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07-cv-00172-MJR-CJP |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| WALGREEN COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to the persons who were adversely affected by those practices.  Defendant has engaged in a pattern and practice of race discrimination by assigning and denying promotions to African-American management employees and pharmacists because of their race.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Illinois.

PARTIES

3.    Plaintiff Equal Employment Opportunity Commission (the

"Commission") is the agency of the United States of America charged with the administration,

interpretation and enforcement of Title VII and is expressly authorized to bring this action by

Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

5.    At all relevant times, Defendant Walgreen Company has been a

corporation that has continuously been doing business in the State of Illinois and the County of

St. Clair and has continuously had at least 15 employees.

6.    At all relevant times, Defendant has continuously been an employer

engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of

Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

7.    More than thirty days prior to the institution of this lawsuit, Johnny

Tucker, Pearle Phillips and over twenty other employees filed charges with the Commission

alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this

lawsuit have been fulfilled.

8.    Since at least January 1, 2001, Defendant has engaged in unlawful

employment practices nationwide in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-

2(a).

(a)    Defendant has engaged in a pattern and practice of race

discrimination by making store assignments to African-American management trainees,

managers, and pharmacists because of their race.

2

(b)      Defendant has engaged in a pattern and practice of race

discrimination by denying promotions to African-American employees who have applied for or

have been in the Retail Career Path and the Pharmacy Career Path because of their race.

9.     The effect of the practices complained of in paragraph 8 above has been to

deprive Charging Parties and other African-American employees of equal employment

opportunities and otherwise adversely affect their status as employees because of their race.

10.     The unlawful employment practices complained of in paragraph 8 above

are and were intentional.

11.     The unlawful employment practices complained of in paragraph 8 above

are and were done with malice or reckless indifference to the federally protected rights of

Charging Parties and other African-American employees.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors,

assigns and all persons in active concert or participation with it, from engaging in the unlawful

conduct alleged above and any other employment practice which discriminates on the basis of

race.

B.     Order Defendant to institute and carry out policies, practices, and

programs that provide equal employment opportunities for African-Americans and eradicate the

effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Charging Parties and other affected

African-American employees by providing appropriate backpay with prejudgment interest, in

amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects

of its unlawful employment practices, including but not limited to rightful-place promotions and

pay increases.

D.    Order Defendant to make whole Charging Parties and other affected

African-American employees by providing compensation for past and future pecuniary losses

resulting from the unlawful employment practices described in paragraph 8 above, in amounts to

be determined at trial.

E.    Order Defendant to make whole Charging Parties and other affected

African-American employees by providing compensation for past and future nonpecuniary

losses resulting from the unlawful employment practices described in paragraph 8 above,

including compensation for emotional pain, suffering, inconvenience, loss of enjoyment of life,

and humiliation, in amounts to be determined at trial.

F.    Order Defendant to pay Charging Parties and other affected African-

American employees punitive damages for Defendant's malicious and reckless conduct as

described above, in amounts to be determined at trial.

G.    Order Defendant to make whole Charging Parties and other affected

African-American employees by providing the affirmative relief necessary to eradicate the

effects of their unlawful practices, including but not limited to rightful-place job assignment.

H.    Grant such further relief as the Court deems necessary and proper in the

public interest.

J.    Award the Commission its costs of this action.

4

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

s/ Robert G. Johnson (with consent)
ROBERT G. JOHNSON
Regional Attorney
**Lead Counsel - Attorney to be Noticed**
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
phone:  314-539-7914
fax: 314-539-7895
e-mail: robert.johnson@eeoc.gov

s/ Jean P. Kamp (with consent)
JEAN P. KAMP
Associate Regional Attorney
**Lead Counsel - Attorney to be Noticed**
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Chicago District Office
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
phone: 312-353-7719
fax: 312-353-8555
e-mail: jean.kamp@eeoc.gov

s/ Nora E. Curtin   (with consent)
NORA E. CURTIN
Regional Attorney
**Lead Counsel - Attorney to be Noticed**
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Miami District Office
One Biscayne Tower
2 South Biscayne Boulevard
Suite 2700
Miami, Florida 33131
phone:  305-808-1789
fax: 305-808-1855
e-mail: nora.curtin@eeoc.gov


s/ Barbara A. Seely    (with consent)
BARBARA A. SEELY
Supervisory Trial Attorney
**Lead Counsel - Attorney to be Noticed**
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Room 8.100
St. Louis, Missouri 63103
phone:  314-539-7914
fax: 314-539-7895
e-mail: barbara.seely@eeoc.gov


s/ Andrea G. Baran
ANDREA G. BARAN
Senior Trial Attorney
**Lead Counsel - Attorney to be Noticed**
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Kansas City Area Office
400 State Avenue, Suite 905
Kansas City, Missouri 64131
phone:  913-551-5848
fax:  913-551-6957
e-mail: andrea.baran@eeoc.gov